## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **LESTER JAY HENDERSON,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-286-A | |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Lester Jay Henderson, TDCJ # 1204018, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On November 10, 2003, a jury found Henderson guilty of arson and assessed his punishment

at twenty-six years' confinement in Case No. 0865447D in the 372nd District Court of Tarrant County, Texas. (State Habeas R. at 47.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on October 7, 2004. *Henderson v. Texas*, No. 2-03-476-CR, slip op. (Tex. App.–Fort Worth Oct. 7, 2004) (not designated for publication). Henderson did not file a petition for discretionary review. (Petition at 3.)

On March 1, 2006, Henderson filed a state application for writ of habeas corpus challenging his 2003 conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on August 9, 2006. *Ex parte Henderson*, Application No. WR-65,202-01, at cover. Henderson filed this federal petition for writ of habeas corpus challenging the same conviction on February 1, 2007.[1] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which Henderson has filed a reply.

### D. STATUTE OF LIMITATIONS

Quarterman argues that Henderson's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Resp. at 3-5.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Henderson's conviction became final and the one-year limitations period began upon expiration of the time Henderson had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on January 5, 2005, and closed on January 6, 2006, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Henderson's state habeas application, filed on March 1, 2006, after the statute of limitations had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has he alleged and demonstrated circumstances that would entitle him to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the

3

petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Henderson asserts the state court's failure to file his original state habeas application sent to the state court clerk on March 24, 2005, created an impediment to seeking timely state and federal habeas relief. (Pet'r Reply at 1-4.) According to Henderson, he learned the state court had not filed his original application only when he sought a writ of mandamus to compel the court to rule on the application in February 2006. (*Id.*) Thus, he argues that subsection (d)(1)(B) should apply or that equitable tolling is appropriate. However, Henderson provides no proof of his assertion and the record reveals none. Absent any evidence in support, a court cannot consider a habeas petitioner's bald assertions on a critical issue to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

Henderson's petition was due on or before January 5, 2006. Accordingly, his petition filed on February 1, 2007, is untimely.

## II. RECOMMENDATION

Henderson's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

4

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 20, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 30, 2007.

                                                      /s/ Charles Bleil
                                                    CHARLES BLEIL
                                                    UNITED STATES MAGISTRATE JUDGE