U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 18 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LESTER JAY HENDERSON, §
§
    Petitioner, §
§
VS. § NO. 4:07-CV-286-A
§
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
§
    Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Lester Jay Henderson ("Henderson") is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 30, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that petitioner file objections, if any thereto, by September 20, 2007. On September 17, 2007, petitioner filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or

conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Henderson's petition be dismissed with prejudice as time-barred. In his only objection, Henderson argues that he is entitled to equitable tolling of the statute of limitations because the state created an impediment to the filing of his state habeas petition. Pursuant to 28 U.S.C. § 2244(d), the one-year statute of limitations for filing a petition for federal habeas corpus relief in this case expired on January 6, 2006. Henderson filed his state habeas petition after this period, on March 1, 2006. The March 1, 2006, state habeas petition did not toll the § 2244(d) statute of limitations because it was filed after the limitation period had expired. <u>See</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

Henderson asserts that he submitted a previous state habeas petition on March 24, 2005, it was never filed, and he did not learn it had never been filed until February of 2006. The Magistrate Judge considered this argument, noting that the record reveals no proof that Henderson filed a state habeas petition on March 24, 2005, and Henderson has presented no proof other than his own assertion. In his objections, Henderson presents no additional evidence.[1] Henderson's bald assertions regarding the alleged March 24, 2005, state habeas petition are not probative

---

[1] In support of the argument that he filed a state habeas petition on March 24, 2005, Henderson states that he filed a writ of mandamus in the state court on February 9, 2006, relating to the March 24, 2005, habeas petition. This writ of mandamus is not direct proof that Henderson actually filed a state habeas petition on March 24, 2005; rather, it is merely proof that he has previously made this same assertion.

2

of evidentiary value because they are unsupported and unsupportable by anything else contained in the record.  See Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that the petition of Lester Jay Henderson for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice.

SIGNED September 18, 2007.

JOHN McBRYDE
United States District Judge